FILED

02 SEP 30 PM 3:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
 Plaintiff, )
 )     CIVIL ACTION NO.
 )
 v. )
 )
NORTHEAST ALABAMA REGIONAL )     COMPLAINT
MEDICAL CENTER )     JURY TRIAL DEMAND
 )
 Defendant. )
 )     CV-02-PT-2398-E
_____)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide

appropriate relief to David E. Baker who was adversely affected by such practices. As alleged with

greater particularity in paragraph 7 below, the Defendant Employer discriminated against David E.

Baker on the basis of his religion by refusing to accommodate him in his religious beliefs and

practices and discharging him because of those beliefs and practices.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the

1

jurisdiction of the United States District Court for the Northern District of Alabama Eastern Division.                                        PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant,Northeast Alabama Regional Medical Center (the "Employer"), has continuously been an Alabama not-for-profit organization doing business in the State of Alabama and the City of Anniston, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, David E. Baker filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      On or about Wednesday, January 26, 2000, Defendant Employer engaged in unlawful employment practices at its Anniston, Alabama facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). In particular, David E. Baker sought accommodation of his religious beliefs that required him to not work on Saturdays. Rather than seeking to work out a form of accommodation of his religious beliefs with Mr. Baker, Defendant Employer gave Mr. Baker the

option of resigning or being terminated, effective immediately.  When Mr. Baker refused to resign,

Defendant Employer terminated him, effective immediately, because of his religious beliefs.

8.      The effect of the practices complained of in paragraph 7 above has been to deprive

David E. Baker of equal employment opportunities and otherwise adversely affect his status as an

employee, because of his religion.

9.      The unlawful employment practices complained of in paragraph 7 above were

intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done

with malice or with reckless indifference to the federally protected rights of David E. Baker.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors,

assigns, and all persons in active concert or participation with it, from engaging in discriminatory

discharge practices on the basis of religion and any other employment practice which discriminates

on the basis of religion.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs

which provide equal employment opportunities for men, and which eradicate the effects of its past

and present unlawful employment practices.

C.      Order Defendant Employer to make whole David E. Baker, by providing appropriate

backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including but not limited to

rightful-place reinstatement of David E. Baker.

      D.    Order Defendant Employer to make whole David E. Baker, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including relocation expenses, job search expenses, any unreimbursed medical expenses and loss of earning potential, in amounts to be determined at trial.

      E.    Order Defendant Employer to make whole David E. Baker by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.    Order Defendant Employer to pay David E. Baker punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

      G.    Grant such further relief as the Court deems necessary and proper in the public interest.

      H.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

    The Commission requests a jury trial on all questions of fact raised by its complaint.

             Respectfully submitted,

             NICHOLAS INZEO
             Acting Deputy General Counsel

             GWENDOLYN YOUNG REAMS
             Associate General Counsel

             EQUAL EMPLOYMENT OPPORTUNITY
             COMMISSION

1801 "L" Street, Northwest
Washington, DC  20507

CHARLES E. GUERRIER (OH 0023546)
Regional Attorney

MILDRED BYRD (LA 03741)
Supervisory Trial Attorney

J.MARK GRAHAM (LA 06216)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 731-1172